IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY L. LINEBAUGH,                          07-CV-794-HU

        Plaintiff,                   ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.


PHYLLIS J. BURKE
4370 N.E. Halsey St.
Portland, Oregon  97213
(503) 460-3202

       Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1158


1  -  ORDER

**DAVID MORADO**
Office of the General Counsel
**RICHARD A. MORRIS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2545

        Attorneys for Defendant


**BROWN, Judge.**

        Magistrate Judge Dennis J. Hubel issued Findings and
Recommendation (#16) on September 3, 2008, in which he recommends
this Court reverse and remand the Commissioner's decision denying
Plaintiff's application for supplemental security income benefits
and disability insurance benefits for further administrative
proceedings.  The matter is now before this Court pursuant to
28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure
72(b).

        When any party objects to any portion of the Magistrate
Judge's Findings and Recommendation, the district court must make
a *de novo* determination of that portion of the Magistrate Judge's
report.  28 U.S.C. § 636(b)(1).  *See also United States v.* Reyna-
Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United
*States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

        Plaintiff objects to the Magistrate Judge's findings that
the ALJ did not err when he (1) rejected the opinion of treating
surgeon Terrance Sedgewick, M.D.; (2) rejected the opinion of

2  -  ORDER

examining physician Lowan Stewart, M.D.; (3) found Plaintiff's testimony as to leg and neck pain not entirely credible; (4) rejected the lay-witness statements of Plaintiff's friend, Tom Gorman; (5) failed to find Plaintiff totally disabled on the basis of his 80% nonservice-connected Veteran's Administration (VA) disability rating; and (6) found Plaintiff's alleged depression was not a severe impairment.  Plaintiff acknowledges the Magistrate Judge properly found the ALJ erred when he rejected the lay-witness statements of Plaintiff's girlfriend, April May, but Plaintiff requests the Court to credit May's statements as true.

## I.   Dr. Sedgewick.

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err when he rejected Dr. Sedgewick's 1997 opinion that Plaintiff can stand and walk for only ten minutes at a time. The ALJ found Dr. Sedgewick's opinion is contradicted by other medical evidence in the record, is inconsistent with his July 1996 opinion that Plaintiff can walk 15-30 minutes at a time and stand for 30 minutes at a time, predates Plaintiff's alleged onset date, predates Plaintiff's ability to work in jobs that require walking and standing, and indicates greater disability than his earlier opinion even though he had not treated Plaintiff during the intervening period.

Plaintiff asserts the inconsistency between Dr. Sedgewick's

1996 and 1997 reports and the fact that Plaintiff attempted
to work and failed are not legitimates reasons to reject
Dr. Sedgewick's opinion.  Plaintiff, however, does not address
the inconsistency between Dr. Sedgewick's 1997 opinion and the
rest of the medical record.

The Magistrate Judge found the ALJ provided legally
sufficient reasons supported by the record for rejecting Dr.
Sedgewick's opinion.  After reviewing the pertinent portions of
the record *de novo* and Plaintiff's Objections, the Court agrees.
Accordingly, the Court does not find any error in the Magistrate
Judge's findings on this issue.

**II.  Dr. Stewart.**

Plaintiff objects to the Magistrate Judge's finding that the
ALJ did not err when he rejected Dr. Stewart's opinion that
Plaintiff "may" need a cane on the grounds that the cane was not
specifically prescribed by a physician and that use of a cane is
inconsistent with Dr. Stewart's opinion that Plaintiff can stand
and walk for six hours in an eight-hour workday.  In his
Objections, Plaintiff reiterates the arguments contained in his
Opening Brief and also asserts the Magistrate Judge substituted
his own reasons for rejecting Dr. Stewart's opinion.

The Magistrate Judge found the ALJ provided legally
sufficient reasons supported by the record for rejecting
Dr. Stewart's opinion.  After reviewing the pertinent portions

4  -  ORDER

of the record *de novo* and Plaintiff's Objections, the Court agrees.  Accordingly, the Court does not find any error in the Magistrate Judge's findings on this issue.

### III. Plaintiff's Testimony.

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err when he found Plaintiff's testimony was not entirely credible.  The ALJ found Plaintiff's assertion that sitting caused numbness in his leg and excruciating neck and leg pain are inconsistent with his testimony that he spends the mornings drinking coffee in a tavern, rides his motorcycle about 45 miles once each month, and rides his motorcycle on shorter trips every afternoon.  Plaintiff reiterates the arguments contained in his Opening Brief.

The Magistrate Judge found the ALJ provided legally sufficient reasons supported by the record for rejecting Plaintiff's testimony.  After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court agrees. Accordingly, the Court does not find any error in the Magistrate Judge's findings on this issue.

### IV. Lay-Witness Testimony.

#### A.    Tom Gorman.

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly rejected the statements of lay-witness Gorman on the ground that they were inconsistent with other statements in the

record.  In his Objections, Plaintiff reiterates the arguments
contained in his Opening Brief.

The Magistrate Judge found the ALJ provided legally
sufficient reasons supported by the record for rejecting Gorman's
statement.  After reviewing the pertinent portions of the record
*de novo* and Plaintiff's Objections, the Court agrees.
Accordingly, the Court does not find any error in the Magistrate
Judge's findings on this issue.

**B.   April May.**

The Magistrate Judge found the ALJ improperly rejected April
May's statements that Plaintiff could lift 15 pounds, walk one or
two blocks, and stand for five to ten minutes.  The ALJ rejected
May's testimony on the ground that she did not have any expertise
in vocational or medical matters.  Plaintiff does not object to
the Magistrate Judge's conclusion, but asserts the Court should
credit May's statements as true.

When the ALJ improperly rejects lay-witness testimony, that
testimony *may* be credited as a matter of law.  *Schneider v.
Barnhart*, 223 F.3d 968, 976 (9th Cir. 2000)(emphasis added).  The
Court, however, does have "some flexibility" in how to apply the
"credit as true" rule.  *Connett v. Barnhart*, 340 F.3d 871, 875
(9th Cir. 2003).

The Court has reviewed the pertinent portions of the record
*de novo* and noted that May's testimony as to Plaintiff's ability

to lift 15 pounds, walk one to two blocks, and stand for five to

ten minutes is contradicted by the medical evidence in the

record.  The Court concludes, therefore, it would be improper to

credit her testimony as true, and the appropriate resolution is

for the ALJ to reconsider May's testimony on remand.

**V.    VA Disability Determination.**

Plaintiff objects to the Magistrate Judge's finding that the

ALJ did not err when he failed to address the VA's 80%

nonservice-connected disability rating of Plaintiff based on the

combination of his ankle injury, major depressive disorder, and

left thumb amputation.  The Magistrate Judge found this was not

an issue because the VA had considered but had not approved an

80% disability rating for Plaintiff.  The record, however,

reflects the VA approved an 80% nonservice-connected disability

rating for Plaintiff on August 8, 2003, based on his ankle

injury, major depressive disorder, and left thumb amputation.

Tr. 148.

An ALJ ordinarily must give "great weight" to a VA

determination of disability.  *McCartey v. Massanari*, 298 F.3d

1072, 1076 (9th Cir. 2002).  An ALJ may give less weight to a VA

disability rating if he "gives persuasive, specific, valid

reasons for doing so that are supported by the record."  *Id.*

Here the ALJ did not address Plaintiff's 80% nonservice-connected

disability rating, and, therefore, did not provide any reasons

for not considering it.

The Court, therefore, concludes on this record that the ALJ erred when he failed to address Plaintiff's 80% nonservice-connected VA disability rating for ankle injury, major depressive disorder (30%), and left thumb amputation or to provide reasons for doing so.  Accordingly, the Court declines to adopt the Magistrate Judge's Findings and Recommendation as to this issue.

**VI.  Depression.**

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err when he concluded Plaintiff's depression was not a severe impairment.

The threshold for determining whether an impairment is medically severe is low.  "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . .  [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working." SSR 85-28 at *2 (Nov. 30, 1984)(internal quotations omitted). The Ninth Circuit describes Step Two as a "de minimus screening device to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  See also *Webb v. Barnhart*, 433 F.3d 683, 686-88 (9th Cir. 2005).  "Great care should be

exercised in applying the not severe impairment concept."
SSR 85-28 at *4.

Here the record reflects Plaintiff has a 30% VA disability
rating for depression that was not considered by the ALJ in his
evaluation of Plaintiff's impairments at Step Two.  As noted, the
ALJ did not address Plaintiff's nonservice-connected VA
disability rating, 30% of which the VA attributed to major
depressive order.

On this record, therefore, the Court concludes the ALJ erred
when he did not consider Plaintiff's 30% VA disability rating for
depression in his evaluation as to whether Plaintiff's depression
was a severe impairment.  The Court, therefore, declines to adopt
the Magistrate Judge's Findings and Recommendation as to this
issue.

## REMAND

The decision whether to remand this case for further
proceedings or for the payment of benefits is a decision within
the discretion of the Court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Id.* at 1179.  The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would

9  -  ORDER

serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record, the Court finds the ALJ did not err when he (1) rejected the opinion of Dr. Sedgewick, (2) rejected the opinion of Dr. Stewart, (3) found Plaintiff's testimony as to leg and neck pain not entirely credible, and (4) rejected the lay-witness statements of Gorman. The Court also finds the ALJ erred when he (1) rejected the lay-witness statements of May; (2) failed to address Plaintiff's nonservice-connected 80% VA disability rating, and (3) failed  in particular to address the VA's 30% major depression rating of Plaintiff. There are, therefore, "outstanding issues that must be resolved before a determination of disability can be made."

10 -  ORDER

Accordingly, the Court concludes a remand of this matter is necessary for further administrative proceedings consistent with the Findings and Recommendations as modified by this Order.

<u>**CONCLUSION**</u>

For these reasons, the Court **ADOPTS as modified** Magistrate Judge Hubel's Findings and Recommendation (#17)**.** Accordingly, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the Magistrate Judge's Findings and Recommendations as modified by this Order.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs. *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008). *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). To ensure that any future

11 - ORDER

application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from the issuance of the Notice of Award by the Commissioner.

IT IS SO ORDERED.

DATED this 10th day of December, 2008.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

12 - ORDER